GUY, Circuit Judge,
concurring.
Donald’s trial counsel declined to object to the evidence that was admitted in his absence and indicated before and after its admission that the evidence did not concern Donald. In my view, had the trial judge asked Donald if he consented to his counsel’s absence before proceeding, this case would have presented a Strickland claim for which it is not at all clear that prejudice could have been established. Since that did not occur, the question presented on direct appeal was whether the temporary absence of counsel during that portion of the trial constituted a “critical stage” of the criminal proceedings so as to come within the exception to Strickland carved out by Cronic for circumstances “ ‘so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.’ ” Bell v. Cone, 585 U.S. 685, 695, 122 S.Ct. 1848, 152 L.Ed.2d 914 (2002) (quoting United States v. Cronic, 466 U.S. 648, 658-59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). The Michigan Court of Appeals recognized that a critical stage is one that holds “significant consequences for the accused,” Bell, 535 U.S. at 696, 122 S.Ct. 1843, but found that the brief absence of defense counsel was not during a critical stage because the evidence did not “directly implicate” Donald.
The Supreme Court has not articulated a “comprehensive and final one-line definition of ‘critical stage.’ ” Van v. Jones, 475 F.3d 292, 312 (6th Cir.), cert. denied, 552 U.S. 1064, 128 S.Ct. 708, 169 L.Ed.2d 557 (2007) (identifying the Supreme Court’s five descriptions of a “critical stage”). This court has grappled with the Supreme Court’s definitions and observed that not every ex parte situation or temporary absence of defense counsel during trial involves a critical stage of the criminal proceedings. See, e.g., Hereford v. Warren, 536 F.3d 523, 530 n. 4 (6th Cir.2008) (discussing cases) (finding it was objectively reasonable for the state court to conclude that ex parte side-bar conference concerning mental state of a witness did not involve a critical stage); Green v. Arn, 809 F.2d 1257, 1261 (6th Cir.1987) (noting some absences of defense counsel during trial may not have constitutional significance, but finding that the taking of evidence on the defendant’s guilt to be a critical stage of the trial). Whether or not relief may be granted under the “contrary to” clause of § 2254(d)(1), the district court did not err in finding that the state court’s refusal to apply Cronic under these circumstances involved an unreasonable application of the Supreme Court’s precedent regarding what is and is not a “critical stage” because, as this court’s opinion points out, Donald was charged with aiding and abetting and proof as to the guilt of the principal defendants was very relevant to his guilt or innocence.